# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DEREK W. PETERSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) NO. 3:23-cv-00647 |
| **SGT. ZOOK #213, et al.,** | ) JUDGE CAMPBELL |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Derek Peterson, an inmate in custody at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1, "the Complaint") and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

The case is before the Court for ruling on Plaintiff's IFP application and for an initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

**A. Legal Standard**

The Court must dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se

2

Case 3:23-cv-00647   Document 4   Filed 09/12/23   Page 2 of 5 PageID #: 17

pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).

**B. Analysis of the Complaint**

Plaintiff sues Sergeant Zook and the Rutherford County Adult Detention Center (RCADC) for an alleged violation of his constitutional right to be free from cruel and unusual punishment, based on Zook's communication that, per the RCADC administration, Plaintiff would not "at this time" be transported to an outside provider to get eyeglasses after losing the contact lens from his right eye, even though Plaintiff had done as he was told by another officer and arranged for his family to deposit sufficient funds to prepay the cost of new glasses. (Doc. No. 1 at 5.) According to Plaintiff, Zook explained that transport was denied because of "the combination of [Plaintiff's] drug charges with the addition of an introduction charge." (*Id.*) Plaintiff alleges that other inmates with similar charges have been transported to get glasses. (*Id.*) He further alleges that he has severe astigmatism, has been harmed by being made to feel "less of a human," and has suffered a "slip and fall in a puddle of water on the floor [he] didn't see . . . and now the doctor says [he] need[s] a new knee[.]" (*Id.* at 5–6.) Plaintiff requests an award of damages for his pain and suffering. (*Id.* at 6.)

3

The Court assumes for purposes of initial review that Plaintiff has a constitutional right to the vision-correction services allegedly denied by Zook and the RCADC administration. *See Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996) (finding viable constitutional claim based on allegation of "visual deficiencies [which] can readily cause a person to fall or walk into objects," combined with allegation that inmate whose glasses were confiscated "has experienced such occurrences, and has suffered injuries as a consequence"). Nonetheless, Plaintiff's allegations are not sufficient to support a plausible claim of entitlement to relief. It is unclear from the Complaint whether Plaintiff was permanently denied transport to obtain glasses, or only temporarily. The allegation that Zook stated that transport was denied "at this time" (Doc. No.1 at 5) would indicate the latter, and the fact that the Complaint is dated less than a month after Zook communicated this decision (*see id.* at 5, 6) does not lend plausibility to Plaintiff's claim that the deprivation was inhumane or otherwise unconstitutional. *See Pendermon v. Jones*, No. CV 5:20-32-WOB, 2020 WL 495512, at *1 (E.D. Ky. Jan. 30, 2020) ("While an extended and unwarranted delay in filling the prescription [for eyeglasses] might eventually support an Eighth Amendment claim, thirty days does not approach that threshold in the absence of clear evidence that it is medically necessary that the prescription be filled immediately.") (citing *White v. Corr. Corp. of Am.*, No. 3:13-1437, 2014 WL 6871551, at *5 (M.D. Tenn. Dec. 5, 2014), *report and recommendation adopted*, 2015 WL 331935 (M.D. Tenn. Jan. 26, 2015) (finding that inmate's "complaints that the health care providers did not . . . provide him with an eye examination or with eye glasses" for four months did not suffice to show a constitutional violation)). In any event, the RCADC is not a proper defendant to this or any other claim, as it "is a building, not a 'person' who can be sued under 42 U.S.C. § 1983."[2]

---

[2] "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tennessee*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989)). While municipal

*Page v. R.C.A.D.C.*, No. 3:22-CV-00650, 2022 WL 4486400, at *2 (M.D. Tenn. Sept. 26, 2022).

The Court thus finds that the Complaint is subject to dismissal because it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" against a proper defendant. *Hill*, 630 F.3d at 470–71. In this circumstance, rather than dismissing the complaint outright, a court may grant leave to amend in order to allow the plaintiff an opportunity to supply the clarifying information. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"). The Court will exercise its discretion to take that approach in this case. Plaintiff will thus be allowed an opportunity to present additional factual allegations against the proper defendant(s) concerning the claimed deprivation of access to vision-correction services at RCADC.

### III. CONCLUSION

For the reasons discussed above, although the Complaint is subject to dismissal for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, the Court will allow Plaintiff to file an Amended Complaint in response to this Order within **30 DAYS** of the entry of the Order. The Clerk is **DIRECTED** to provide Plaintiff with a form for filing a civil rights complaint (Pro Se Form 14).

Plaintiff is cautioned that failure to file an Amended Complaint within 30 days or to seek an extension of this deadline before it expires will result in the dismissal of this action.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

and corporate entities involved in the operation of county jails qualify as "persons," *see generally Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), jail buildings do not.